On the Merits.
ST. PAUL, J.
[2] Defendant was charged with having in possession (for sale) “milk below standard,” in violation of Ordinance No. 6835, New Council Series, which defines milk not of standard quality to be “milk having less than 3% per cent, of butter fats, or having less than 8% per cent, of solids other than butter fats, or containing any pathogenic or disease germs.”
*531 ■ The defendant demurred to the charge on the ground that the ordinance is—
“illegal, unreasonable and oppressive, for the reason that it places an onerous burden on dealers other than dairymen, and would require the constant employment of a competent chemist in order to comply with the provisions of said ordinance.”
Of course, the ordinance does not concern itself with the method which a dealer may adopt to ascertain whether the milk which he purposes to sell is wholesome and unadulterated; but it does impose upon him the duty of ascertaining that fact. And, if it did not, then it would be a vain and idle piece of legislation, since the dealer who sells unwholesome or adulterated milk would always shield himself behind the pretense that he had no knowledge of the unwholesome character of what he sold; and the community would be at the mercy of unscrupulous dealers and dairymen, each casting the blame upon the other, and all escaping liability because of the impossibility of establishing with certainty who was directly at fault.
In Commonwealth v. Wheeler, 205 Mass. 384, 91 N. E. 415, 137 Am. St. Rep. 456, 18 Ann. Cas. 319, the Supreme Court of Massachusetts had under consideration a statute containing substantially similar provisions, the court said:
“The sections referred to are a part of an elaborate system of legislation regulating the sale of milk, particularly directed to the prevention of * * * adulterated or unwholesome milk. * * * It has often been decided that, in the public interest, the burden of ascertaining at his peril whether an article that he sells is within the prohibition of a criminal statute may be put upon the seller.”
Decree.
The judgment appealed from is therefore affirmed.
O’NIELL, J., being absent from the state, takes no part in the decision of the case.